[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2008
THOMAS K. KAHN
CLERK

No. 07-14997
Non-Argument Calendar

_____

Agency No. A97-663-669

CAI GUI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 16, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Cai Gui Chen, a native and citizen of China, petitions this court for review

of the Board of Immigration Appeals's ("BIA") denial of his motion to reopen and

its affirmance of the Immigration Judge's ("IJ") order of removal. For the reasons that follow, we dismiss the petition in part and deny in part.

Chen arrived in the United States in December 2004 without valid entry documents. The Department of Homeland Security ("DHS"), issued a notice to appear, charging him with removability under INA § 212(a)(7)(A)(i)(I); 8 U.S.C. § 1182(a)(7)(A)(i)(I). Chen applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), alleging that he had been persecuted based on his political opinion after he opposed the government's seizure of his family's land without just compensation.

After a hearing, the IJ concluded that Chen's testimony lacked credibility and denied relief from removal.[1] Chen appealed to the BIA, which dismissed the appeal on August 24, 2006. Chen did not petition this court for review of the BIA's decision.

On June 13, 2007, Chen filed a motion to reopen based on changed circumstances. According to Chen, his parents had informed him that the Chinese government was targeting citizens who left China illegally and sought asylum in another country.

---

[1] Because the underlying removal order is not properly before this court, the facts of the asylum claim are not relevant.

The BIA denied the motion to reopen on September 26, 2007, stating that Chen had not shown the new evidence was unavailable earlier or that it would result in a different outcome. On October 24, 2007, Chen filed his petition for review before this court, seeking review of the denial of his motion to reopen and the affirmance of the IJ's denial of relief from removal.

Chen now argues that the IJ erred by finding Chen's testimony lacked credibility. He does not address the BIA's denial of the motion to reopen.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted).

An order of removal becomes final upon dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a). A petition for review must be filed within thirty days of the final order of removal. See 8 U.S.C. § 1252(b)(1); see also Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). Importantly, the statutory time limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional." Dakane, 371 F.3d at 773 n.3. And, the filing deadline is not suspended or tolled by a motion to reopen. Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995); Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-1351 (11th Cir. 2005) (observing that the filing of a motion to

reconsider does not affect the finality of the underlying order or toll the 30-day period for petitioning for review of such order).

Here, the BIA dismissed Chen's appeal from the IJ's order of removal on August 24, 2006. Chen did not petition this court for review of the BIA's decision, but instead filed a motion to reopen on June 13, 2007. Because Chen's petition for review was not filed within thirty days after the BIA dismissed the appeal of the underlying removal order, we lack jurisdiction to consider the removal order. Thus, we do not consider Chen's argument that the IJ improperly found the testimony lacked credibility, and we dismiss the petition in part on this ground.

Chen's petition for review was timely as to the denial of the motion to reopen. We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. Scheerer v. U.S. Att'y. Gen., 513 F.3d 1244, 1254 (11th Cir. 2008); Dakane, 399 F.3d at 1272 n.2. Here, however, Chen offers no argument in his brief that the BIA abused its discretion by denying the motion to reopen. Thus, the issue has been abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Accordingly, we deny the petition in part on this ground.

DISMISSED IN PART; DENIED IN PART.